UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALYSSA LAUGHMAN, a minor, by ROBERT CAMPBELL, ESQUIRE, COURT APPOINTED GUARDIAN AD LITEM; JEAN C. LAUGHMAN; and TILGHMAN LAUGHMAN, : : : : : : : Plaintiffs : : v. : : ACE AMERICAN INSURANCE; : BLACK & VEATCH CORP.; OVERLAND : CONTRACTING INC.; THE HARTFORD : LIFE AND ACCIDENT INSURANCE : COMPANY; THE HARTFORD FINANCIAL : SERVICES GROUP, INC.; and THE : HARTFORD, : : Defendants : | **CIVIL NO. 1:09-CV-0695** (Judge Conner) (Magistrate Judge Smyser) |

**REPORT AND RECOMMENDATION**

This case was removed from the Adams County Court of Common Pleas by the defendants on April 15, 2009. It arises upon a complaint filed in the state court on March 29, 2009 on behalf of a minor, Alyssa Laughman, by Robert Campbell, Esquire, the minor's court appointed guardian ad litem. The case involves a life insurance policy applied for by Alyssa's father, Joseph A. Laughman, and involves the issue whether the

policy had become effective before Joseph A. Laughman's death. The other plaintiffs are Jean C. Laughman, Administratrix of the Estate of Joseph A. Laughman, and Tilghman Laughman. The defendants are Ace American Insurance Company, Black & Veatch Corp., Overland Contracting Inc., The Hartford Life and Accident Insurance Company, The Hartford Financial Services Group, Inc. and The Hartford. The defendants removed the case to federal court on the basis that it involves federal claims, in particular, that the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1001 *et seq.*, completely preempts the state law claims pleaded in the complaint.

As alleged in the complaint, the background of the dispute began with the May 5, 2006 issuance by Black & Veatch to its employees including Joseph A. Laughman of a memorandum providing information about an opportunity to purchase life insurance coverage of up to $150,000. The coverage was underwritten by The Hartford. The Black & Veatch company was the agent of The Hartford for the purpose of the offering of the group insurance policy to Black & Veatch employees. On May 12, 2006, Joseph A. Laughman applied for $100,000 in coverage.

2

The communications by Black & Veatch to employees included a document called "Basic and Supplemental Life Insurance Benefits Highlights." It said that coverage of up to $100,000 was guaranteed to anyone who was enrolled in the supplemental life insurance program.

Insurance premiums in the form of payroll deductions were taken from Joseph A. Laughman's paychecks for the pay periods ending on May 28, 2006, June 4, 2006 and June 11, 2006. Joseph A. Laughman died as a result of a motor vehicle accident on June 9, 2006.

The complaint avers that Joseph A. Laughman reasonably believed that he was insured on June 9, 2006 and it asserts that his beneficiary was entitled to the life insurance basic and supplemental benefits. The complaint contains Count I, a Pennsylvania law claim for breach of contract and breach of fiduciary duty, against all defendants; Count II, a Pennsylvania law claim of bad faith against all defendants; Count III, a Pennsylvania law claim of interference with contractual relations against defendants Black and Veatch and

3

Overland; Count IV, a Pennsylvania law claim against all defendants of a violation of the Unfair Trade Practices and Consumer Protection Law; Count V, a claim against all defendants under Pennsylvania law of negligent misrepresentation; Count VI, a claim under Pennsylvania law against defendants The Hartford, Black & Veatch and Overland for fraud; and Count VII, a Pennsylvania law claim of negligence against all defendants.

The defendants upon removal of the case filed motions to dismiss the complaint and for summary judgment. The motion to dismiss and/or for summary judgment by the Black & Veatch and Overland defendants was filed on April 21, 2009. (Doc. 6). The supporting brief was filed on that date. (Doc. 7). The Hartford defendants filed a motion to dismiss on April 22, 2009. (Doc. 9). A memorandum in support was filed on that date. (Doc. 10). Ace American Insurance Company filed a motion to dismiss the complaint and/or for summary judgment on May 1, 2009. (Doc. 12). A brief in support was filed on that date. (Doc. 13).

4

The plaintiff filed briefs in opposition to the motions on May 26, 2009 (Docs. 26, 27) and June 2, 2009 (Doc. 28). Reply briefs were filed by The Hartford defendants on June 9, 2009 (Doc. 29) and by the Overland and Black & Veatch defendants on June 9, 2009 (Doc. 31).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The court may consider documents submitted by the plaintiffs with the complaint and undisputedly authentic

documents submitted by the defendants with their motions to dismiss the complaint in addressing a motion to dismiss. Here, the pending motions, insofar as they address the issue of ERISA preemption, are appropriately addressed by application of a 12(b)(6) standard and will be addressed accordingly herein.

All defendants assert that the basic life, voluntary supplemental life and accidental death and dismemberment benefits underlying the plaintiffs' claims are part of an employee welfare benefit plan subject to ERISA.

> ERISA defines an "employee welfare benefit plan" as
>
> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . .

29 U.S.C. § 1002(1).

The complaint clearly alleges, and the document confirms, that The Hartford Life Group Insurance Policy underlying the plaintiffs' claims is a group life insurance policy funding a life insurance plan established or maintained by the employer, Overland Contracting and Black & Veatch, as part of the employer(s)' employee welfare benefit plan. The Ace Accidental Death or Dismemberment Group Accident Policy is an employee welfare benefit plan as well.

The plaintiffs' brief does not dispute that the life insurance policies involved here are employee welfare benefit plans under ERISA.

ERISA preempts all state laws that relate to employee welfare benefit plans. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S. § 144(a).

The defendants argue that each of the state law claims against each of the defendants is preempted by ERISA. We do

7

not find the plaintiffs to have disputed this argument or to have argued otherwise.  The defendants argue that compensatory, consequential and punitive damages are not available under ERISA.  We do not find the plaintiffs to have disputed this argument or to have argued otherwise.  The defendants argue that the plaintiff's complaint should be dismissed.  The plaintiffs argue in opposition that the seven state law counts pleaded in the state court complaint should be construed by this court as ERISA claims.  The defendants respond to the plaintiffs' contention that the state law claims in the complaint are tantamount to ERISA claims with the observation that the appropriate course of action, then, for the plaintiffs to have taken would have been to file an amended complaint stating ERISA claims.  The defendants suggest that the plaintiffs' impediment to doing so is that the ERISA claims have not been exhausted as is a prerequisite to their justiciability.

The foregoing leads the court to the appropriate conclusion that the motions of the defendants to dismiss the plaintiffs' claims should be granted because the basic life,

voluntary supplemental life and accidental death and dismemberment benefits at issue are part of an ERISA employee welfare benefit plan and because ERISA preempts the plaintiffs' state law claims against the defendants in Counts I through VII of the plaintiffs' complaint.  The plaintiffs contend that the court should construe the plaintiffs' state law claims as though they are ERISA claims and have stated a request, in their briefs in opposition to the current motions of the defendants, for leave of court to amend their complaint to set forth ERISA claims.  The court should grant leave to amend.

Although each defendant makes the assertion in its brief that the complaint should be dismissed for failure to state a claim upon which relief can be granted because Joseph A. Laughman was not insured on the date of his death under any of the policies of insurance involved in this case, none of the defendants has framed and presented as a particular argument for the dismissal of the complaint that the plaintiff's complaint should be dismissed on the basis that the decedent Joseph A. Laughman was not covered under the defendants' insurance policies on June 9, 2006, the date of his accidental

9

death. Although the plaintiffs argue that there were ambiguities in the communications to Mr. Laughman concerning the effective date of coverage, and although the defendants have referred to this issue and have asserted that the decedent plainly was not covered, this issue is not directly presented. The defendants are correct in their assertion that all of the plaintiffs' claims are preempted by ERISA and that, since no ERISA claims are presented in the complaint it should be dismissed.

It is accordingly recommended that the defendants' motions to dismiss the complaint be granted and that the court permit the plaintiffs to file an amended complaint with in a twenty day period of time if they elect to do so.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: July 16, 2009.