# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALYSSA LAUGHMAN, a minor, by ROBERT CAMPBELL, Esquire, court-appointed guardian ad litem, JEAN C. LAUGHMAN, and TILGHMAN LAUGHMAN, : : : : : : **Plaintiffs** : v. : : **BLACK & VEATCH CORP.** and **OVERLAND CONTRACTING INC.,** : : : **Defendants** : | **CIVIL NO. 1:09-CV-0695** (Judge Conner) |

## MEMORANDUM

Presently before the court are plaintiffs' (Doc. 52) and defendants' (Doc. 65) cross-motions for summary judgment, and the magistrate judge's report and recommendation ("R&R") (Doc. 88), which recommends that the court deny plaintiffs' motion and grant defendants' motion. Plaintiffs, Alyssa Laughman, Jean C. Laughman, individually and as the administrator of the Estate of Joseph Laughman, and Tilghman Laughman (collectively, "the Laughmans"), filed objections (Doc. 89) to the R&R. The parties have fully briefed the issues. For the reasons that follow, the court will adopt the R&R.

### I. Factual Background & Procedural History

The court adopts the magistrate judge's recitation of the facts of this case. (See Doc. 88). The procedural history relevant to this memorandum is as follows.

On June 6, 2008, the Laughmans commenced this action by filing a praecipe for writ of summons in the Court of Common Pleas of Adams County, Pennsylvania.

The Laughmans subsequently filed a complaint stating various causes of actions related to a life insurance policy and naming the following defendants: Ace American Insurance Company; Black & Veatch Corporation; Overland Contracting, Inc.; The Hartford Life and Accident Insurance Company; The Hartford Financial Services Group, Inc.; and The Hartford. (See Doc. 1, Ex. A).

Defendants removed the case to this court on April 15, 2009, (see Doc. 1), and filed motions to dismiss, (see Docs. 6, 9, 12). On July 29, 2009, a magistrate judge recommended that the court dismiss the complaint but permit the Laughmans to file an amended complaint. (See Doc. 34). The Laughmans filed an amended complaint on August 5, 2009, wherein they asserted only that defendants Black & Veatch Corporation and Overland Contracting, Inc. (collectively, "defendants") violated 29 U.S.C. § 1132(c) by failing to provide copies of requested insurance plan documents. (See Doc. 37). On November 18, 2009, the court denied defendants' motion to dismiss the amended complaint. (See Doc. 44).

Thereafter, the Laughmans and defendants filed cross-motions for summary judgment. (See Docs. 52, 65). The matter was referred to a magistrate judge, and on July 21, 2010, he recommended that the court deny the Laughmans' motion and grant defendants' motion. (See Doc. 88). The Laughmans filed objections (Doc. 90) to the R&R, and the parties have fully briefed the issues.

## II. Standard of Review

### A. Standard of Review for Cross-Motions for Summary Judgment

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

In the instant matter, the parties have filed cross-motions for summary judgment. According to the Third Circuit:

> Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008) (quoting Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968)). Each movant must show that no genuine issue of material fact exists; if both parties fail to carry their respective

3

burdens, the court must deny the motions. See Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1023 (3d Cir. 2008). When reviewing each motion, the court is bound to view the evidence in the light most favorable to the nonmovant. FED. R. CIV. P. 56; United States v. Hall, 730 F. Supp. 646, 648 (M.D. Pa. 1980).

### B. Standard of Review for a Magistrate Judge's Recommendation

Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

Where parties have not filed objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the

4

face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375, 377-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").

## III. Discussion

The Laughmans' objections (Doc. 89) to the R&R include the following arguments: (1) that the "law of this case" establishes that the document requests were specific, clear and concise; (2) that Maiuro v. Federal Express Corp., 843 F. Supp. 935 (D.N.J. 1994) and its progeny are persuasive authority in this case; (3) that this case does involve the review of a denial of a claim for benefits; (4) that 29 U.S.C. § 1132(c)(1)(B) should be liberally construed; (5) that each written request for documents constituted a sanctionable event under 29 U.S.C. § 1132(c)(1)(B); (6) that the letters, in context, must have requested plan documents; and (7) that the timing of the R&R was prejudicial. The court will address each of these arguments in turn. The court has also reviewed the remaining portions of the R&R for clear error. Having found none, it will adopt these portions of the R&R.

### A. "Law of this Case"

The Laughmans assert that the magistrate judge erred "in concluding that the law of this case was not that the requests were specific, clear and concise."

5

(Doc. 90 at 6). In essence, the Laughmans contend that the court already determined the ultimate issue of this case—whether the Laughmans' written requests provided clear notice that plan documents were requested[1]—in its November 18, 2009 memorandum. See Laughman v. Ace American Ins., Civ. A. No. 09-0695, 2009 WL 3857436, *4 (M.D. Pa. Nov. 18, 2009) (stating that "[t]he written and oral communications plaintiffs sent to defendants were clear, simple, and direct, and put defendants on notice of the insurance documents plaintiffs sought."). The Laughmans' contention, however, misapplies the "law of the case" doctrine and ignores the standard of review that applied to the court's November 18 memorandum.

As the magistrate judge appropriately noted in the R&R, the court's November 18 memorandum addressed the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). (See Doc. 88 at 10). The conclusions in the memorandum, therefore, were formed in the context of the favorable standard of review enjoyed by the plaintiffs at that procedural juncture. See Laughman, 2009 WL 3857436 at *1 n. 1 (explaining that "[i]n accordance with the standard of review for a motion to dismiss under Rule 12(b)(1), the court will present the facts as alleged in the complaint, as well as the record of the case and matters of public record."). The court is not, as the Laughmans contend, forever bound by a prior conclusion that was shaped by a favorable standard of review. See Martin v. Port. Auth. Transit, 115 F. App'x 556, 560 (3d Cir. 2004) (stating that "pre-trial rulings of a

---

[1] See infra, Part III E.

6

trial court may be reconsidered not only during pre-trial proceedings, but even after trial.") (citations omitted). As the United States Court of Appeals for the Third Circuit explained, "[i]nterlocutory orders remain open to reconsideration and *do not constitute the law of the case*." Id. (emphasis added). In the present matter, the court's November 18 memorandum is an interlocutory order which does not constitute the law of the case. Thus, the Laughmans' objection will be overruled.

**B.    Maurio and its Progeny**

The Laughmans next contend that the magistrate judge erred in concluding that Maurio v. Federal Express Corp., 843 F. Supp. 935 (D.N.J. 1994), and its progeny are not persuasive authority in this case. (See Doc. 90 at 8). The Laughmans cited Maurio for its holding regarding when a "request is deemed to be 'a request for plan documents'" under 29 U.S.C. § 1024(b)(4). (See id.). As discussed infra, the Third Circuit recently adopted a new "clear notice" test regarding the adequacy of requests for documents under § 1024(b)(4) in Kollman v. Hewitt Assocs., LLC., 487 F.3d 139 (3d Cir. 2007). See infra, Part III E. The court is bound by the Third Circuit's decision in Kollman and will apply the appropriate standard contained therein.[2] Therefore, the court will reject the Laughmans' argument.

**C.    Denial of Claim for Benefits**

The Laughmans also allege that the magistrate judge "erred in finding that there was no request for a review of a denial of a claim for benefits in this case" when "there was absolutely a review of a denial of a claim for benefits in this case."

---

[2] The court also notes the magistrate judge's considerable discussion of how other circuit courts have interpreted § 1024(b)(1). (See Doc. 88. at 22-23 n. 3).

7

(See Doc. 90 at 10-11). The Laughmans apparently object to the magistrate judge's characterization of the procedural history of the case in which he stated "[t]he plaintiffs no longer claim that they are entitled to benefits under the policies" because the only claim remaining in the amended complaint "is a claim that the defendants violated 29 U.S.C. § 1132(c)[.]" (See Doc. 88 at 2).

While the Laughmans are correct that "there was" a request to review a denial of a claim for benefits, the Laughmans removed this issue from the case by filing an amended complaint that did not include such a request. The magistrate judge correctly observed that the amended complaint contains one count seeking statutory damages pursuant to 29 U.S.C. § 1132(c) and no request to review a denial of benefits. (See generally Doc. 37). It is well settled that "an amended complaint supercedes the original version" and renders the original ineffective. See Atwell v. Lavan, Civ. A. No. 03-1728, 2005 WL 2234646, *1 (M.D. Pa. Sept. 14, 2005) (citations omitted); see also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) (recognizing that an "amended complaint supercedes the original version"); 6 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 1998).

Thus, the Laughmans' initial request to review a denial of a claim of benefits is no longer before the court,[3] and their objection will be overruled.

### D. Liberal Construction of 29 U.S.C. § 1132(c)

The Laughmans next contend that the magistrate judge erred in concluding that 29 U.S.C. § 1132(c) is a statutory penalty provision that must be strictly construed. (See Doc. 90 at 12; Doc. 88 at 7). The Laughmans rely on dated opinions from other circuit and district courts to support their contention. The Third Circuit, however, has unequivocally held that 29 U.S.C. § 1132(c) is to be strictly construed. See e.g., Kollman, 487 F.3d at 144 (stating that "[b]ecause [29 U.S.C. § 1132] is a penal statute, our holdings regarding the scope of that provision are impelled by the rule of lenity in the construction of penal provisions.") (quoting Groves, 803 F.2d at 118); Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan, 24 F. 3d 1491, 1505 (3d Cir. 1994) (stating that "statutory penalty provisions are construed strictly" and "courts have taken this approach in applying penalty provisions of ERISA.") (citations omitted). The magistrate judge's conclusion was in accord with binding Third Circuit precedent, and the Laughmans' contrary argument is unpersuasive.

---

[3] The Laughmans sought to re-inject the denial of benefits issue into the case in an effort to recover statutory damages under 29 U.S.C. § 1132(c) for alleged violations of Department of Labor regulations. (See Doc. 90 at 10) (citing 29 C.F.R. § 2560.503-1(h)(2)(iii)). The Third Circuit has definitively concluded that such recovery is impermissible because § 1132 only permits recovery for "statutorily imposed obligations" which do not include "violations of regulations promulgated pursuant to the statute." Kollman, 487 F.3d at 147 (citing Groves v. Modified Ret. Plan, 803 F.2d 109, 111 (3d Cir. 1986) (holding that "because [29 U.S.C. § 1132] authorizes penalties only for breach of duties imposed by 'this subchapter,' such sanctions cannot be imposed for violation of an agency regulation.")).

9

## E. Individual Requests as Sanctionable Events

The Laughmans also object to the magistrate judge's conclusion that none of the Laughmans' letters or emails support the imposition of statutory penalties pursuant to 29 U.S.C. § 1132(c)(1)(B).[4] (See Doc. 90 at 13-24). Section 502(c)(1) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(c)(1),[5] "imposes a statutory penalty of up to $100 a day on any plan administrator who fails to provide to a plan participant or beneficiary any information that is required by the subchapter of the statute." Kollman, 487 F.3d at 143; see also 29 C.F.R. § 2575.502c-1 (increasing the civil penalty to a maximum of $110 a day). This penalty provision may be invoked to enforce the document production obligations imposed by § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).[6] See Kollman, 487 F.3d at 143. In order to establish a violation of § 1024(b)(4) and impose

---

[4] This issue is the crux of the case *sub judice*, and the R&R contains an extensive discussion of the insufficiency of each of the Laughmans' letters. (See Doc. 88 at 11-28).

[5] Section 1132(c)(1) states, in pertinent part, that "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation . . . shall be treated as a separate violation."

[6] Section 1024(b)(4) provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description[,] and the latest annual report, any terminal report, bargaining agreement, trust agreement, contract or other instruments under which the plan was established or operated."

10

the statutory penalty of § 1132(c), a plaintiff must prove: (1) that he or she "made a written request to the plan administrator" for § 1024(b)(4) documents; and (2) that "the administrator failed to respond within 30 days." See id., 487 F.3d at 144.

Additionally, the Third Circuit has adopted a "clear notice" test to determine whether a written request for a plan document has been made. Id., 487 F.3d at 145; see also Tannenbaum v. Unum Life Ins. Co. of Am., Civ. A. No. 03-1410, 2010 WL 2649875, *9 (E.D. Pa. June 30, 2010). Under this standard, a document request is not "*per se* inadequate because it fails to specifically name the documents sought. Rather, the touchstone is whether the request provides the necessary clear notice to a reasonable plan administrator of the documents which, given the context of the requests, should be provided." Kollman, 487 F.3d at 145. In Kollman, the court held that the plaintiff's correspondence did not provide clear notice of the documents requested when the letter: (1) made no mention of the plan or summary plan description; (2) did not cite ERISA; and (3) asked broadly for "[a]ll documents of any nature which relate, reflect or refer" to the improper benefits calculation at issue in the case. See id., 487 F.3d at 146.

In the instant matter, the court has performed a *de novo* review of the R&R's consideration of the Laughmans' letters, and the undersigned concludes, as the magistrate judge did, that there is no basis for imposing statutory penalties pursuant to § 1132(c). Without reiterating the bulk of the magistrate judge's well-reasoned analysis, the undersigned finds that the Laughmans' letters did not provide "the necessary clear notice to a reasonable plan administrator of the

11

documents which . . . should be provided." See id., 487 F.3d at 145. As in Kollman, the Laughmans' letters: (1) made no specific reference to any § 1024(b)(4) documents; (2) did not cite ERISA; and (3) broadly requested all documents related to "this matter." (See Doc. 88 at 11-28). Such general requests do not provide the clear notice of documents requested necessary to impose sanctions pursuant to § 1132(c). The court will therefore overrule the Laughmans' objection.

### F. Written Requests in Context as Sanctionable Events

The Laughmans also assert that if their ten letters "are taken as a whole, it becomes readily apparent to any prudent plan administrator that plaintiffs were seeking plan documents." (Doc. 90 at 24). As discussed supra, none of the letters provided the requisite clear notice to the plan administrator that § 1024(b)(4) documents were sought. See supra, Part III E. It does not follow, as the Laughmans contend, that multiple insufficient requests adequately apprised the plan administrator of the specific documents requested. This conclusion is bolstered by the fact that many of the letters merely incorporate by reference the requests contained in previous letters. (See e.g., Doc. 88 at 21, 24, 26).[7] Thus, the Laughmans' argument will be rejected.

---

[7] According to the Laughmans, the fact that defendants ultimately produced plan documents in 2008 "is perhaps the plainest evidence" that defendants understood that the letters requested § 1024(b)(4) documents. (See Doc. 90 at 12). This argument, however, lacks merit. Defendants ultimately produced plan documents as a result of having been served with pre-complaint discovery which "specifically [requested] the terms of the insurance contracts at issue" in a state court action. (See Doc. 91 at 15). The court will not infer from this compliance with discovery requests that the Laughmans' letters originally provided defendants clear notice of the documents requested.

12

### G. **Prejudice of R&R Timing**

The Laughmans finally contend that the timing of the magistrate judge's R&R was prejudicial. (See Doc. 90 at 25-6). The Laughmans concede, however, that this alleged prejudice would be eliminated by an adverse decision by the court as to "whether the [p]laintiffs requested plan documents[.]" (See id. at 26). As discussed above at length, the Laughmans' requests did not provide the clear notice required to justify imposing the statutory penalty of 29 U.S.C. § 1132(c)(1). See supra, Part III E-F. The court's conclusion in this regard is dispositive, and no prejudice resulted from the timing of the R&R. The court, therefore, will overrule the Laughmans' final objection.

### IV. **Conclusion**

The court has performed a *de novo* review of the contested portions of the R&R and has found no error, nor has it found clear error on the face of the record in any of the remaining portions of the R&R. For the foregoing reasons, the Laughmans' motion for summary judgment (Doc. 52) will be denied, defendants' motion for summary judgment (Doc. 65) will be granted, and the R&R (Doc. 88) will be adopted. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     November 2, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALYSSA LAUGHMAN**, a minor, by | : | CIVIL NO. 1:09-CV-0695 |
| **ROBERT CAMPBELL**, Esquire, | : | |
| court-appointed guardian ad litem, | : | (Judge Conner) |
| **JEAN C. LAUGHMAN**, and | : | |
| **TILGHMAN LAUGHMAN**, | : | |
| | : | |
| **Plaintiffs** | : | |
| v. | : | |
| | : | |
| **BLACK & VEATCH CORP.** and | : | |
| **OVERLAND CONTRACTING INC.**, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2nd day of November, 2010, upon consideration of plaintiffs' (Doc. 52) and defendants' (Doc. 65) cross-motions for summary judgment and the magistrate judge's report (Doc. 88), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The magistrate judge's report (Doc. 88) is ADOPTED.

2. The plaintiffs' motion (Doc. 52) for summary judgment is DENIED.

3. The defendants' motion (Doc. 65) for summary judgment is GRANTED.

4. The Clerk of Court is instructed to enter JUDGMENT in favor of defendants and against plaintiffs on all claims.

5. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge